PHILIP CITRIN AND SAMUEL ELKIN, TRADING AS CITRIN & ELKIN, RESPONDENTS, v. MICHAEL J. TANSEY, APPELLANT.

Submitted May 29, 1930—Decided February 2, 1931.

For the appellant, *Michael J. Tansey* and *Francis J. Tansey*.

For the respondents, *Benjamin Gershenson* (*Grossman & Kwalick,* on the brief).

The opinion of the court was delivered by

WELLS, J. This suit was brought in the First District Court of the city of Newark, by Philip Citrin and Samuel Elkin, trading as Citrin and Elkin, to recover the amount due upon two promissory notes, executed by the defendant, Michael J. Tansey, to the firm of Nelson & Duchin, who were doing some painting and paperhanging work for the defendant on his farm at Colt's Neck.

The notes were given in payment for this work. A day or two after the notes were given, and long before they became due, they were assigned by Nelson & Duchin to the plaintiffs, who were creditors of Nelson & Duchin.

At the hearing in the District Court before the judge and a jury, the court directed a verdict in favor of the plaintiffs, upon the theory that they were *bona fide* holders of these two notes in due course, and for value, and that the defense offered by defendant to the effect that there was a failure of consideration on the part of the original payees of the notes, was not available to defendant.

The defendant thereupon appealed to the Supreme Court, which affirmed the judgment of the District Court.

From this judgment of the Supreme Court, defendant now appeals to this court.

It is undisputed that the notes were assigned by the payees to the plaintiffs before their maturity.

There is no evidence that at the time plaintiffs took these notes they had any knowledge that the defendant had a defense against the payees which would prevent the payees from collecting the amount called for by the notes.

There was nothing to show at the time plaintiffs took the notes that they knew that the work for which the notes were given by the defendant to Nelson & Duchin had been improperly done.

The testimony of the plaintiffs was that they took these notes in payment for merchandise sold to Nelson & Duchin and that they gave Nelson & Duchin credit for the amount of the notes.

In attempting to overcome this testimony, the defendant testified that he had a conversation over the telephone with a man who said his name was Citrin, in which the latter said:

"We have a note here for collection—that it was Nelson & Duchins note," and defendant said: "You haven't given anything for that, have you?" and the man who said his name was Citrin replied: "We will allow credit for it, but if it is not paid, we will charge it back."

Assuming, without admitting, that this conversation might be interpreted to mean that the plaintiffs were holding the notes for collection only, the evidence was clearly incompetent because there was no proof that the man at the other end of the telephone was Citrin (one of the plaintiffs). The defendant did not know whether he was or whether he was not.

The defendant, however, further testified that after this conversation, the plaintiffs came to his office, shortly after the first note became due, and defendant testifying, said that they (referring to the plaintiffs) were endeavoring to collect this note (evidently referring to the first note which was then due) for Nelson & Duchin and the defendant said: "They haven't given anything for it except"—whereupon the court interrupted the defendant, saying, "don't argue about that. How do you know they have not given anything for it?" The defendant replied, "because they said so." The court then asked, "who said so?" and the defendant answered; "both Citrin and Elken told me they had it for collection; if it was not paid they would charge it back."

The defendant contends that in the face of this testimony, the plaintiffs were not *bona fide* holders for value; and that consequently his defense of a failure of consideration on the part of the payees of the note was available to defendant as against the plaintiffs in the suit.

We think, however, there is nothing in this contention.

Assuming that these plaintiffs told the defendant what he testified to, it is manifest that the plaintiffs had held these notes at least as security for the payment of the debt due to them from the payees of the notes.

Naturally, if the notes were not paid, the debt of Nelson

& Duchin, the payees, to the plaintiffs would be unsatisfied and the notes would be charged back.

It is, however, settled law that a party taking a negotiable instrument in payment of, or as security for a precedent debt, is a *bona fide* holder for valuable consideration and entitled to protection as such.

This is the doctrine laid down in the old case of *Allaire* v. *Hartshorne*, 21 *N. J. L.* 665, and has been adopted in later cases decided prior to the passage of the Negotiable Instrument law. That statute, as we read it, does not abrogate this rule, but leaves it in full force and effect.

If we are right about this, then notwithstanding the conversation to which defendant testified, the plaintiffs were *bona fide* holders in due course and for value and it cannot avail defendant if the work for which the notes were given the payees, Nelson & Duchin, was not properly done (as was admitted in the case), nor does it matter if defendant did have, as he alleges, an understanding or agreement with Nelson & Duchin that these notes were not to be paid or transferred until the work was properly finished.

We think the judge of the District Court was right in directing a verdict for the plaintiffs, and that the judgment of the Supreme Court affirming the judgment of the District Court should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.