to the jury, not only as competent but as conclusive evidence of a highway made by commissioners. This was clearly wrong. The judgment must be reversed.

CAMPBELL, CH. J. and COOLEY, J. concurred.

CHRISTIANCY, J. did not sit in this case.

---

## Alexander L. Hunter v. Adelbert F. Parsons.

*Juror:    Peremptory challenge.* A party will not lose his right to the peremptory challenge of a juror whom he had examined on his *voir dire*, because he did not exercise it until he had examined the remainder of the panel. The right may be exercised at any time before the juror is sworn.

*Promissory note:   Evidence of genuineness:   Defense:   Order of proof:   Alteration:   Bona fide holder:   Burden of proof:   Quality of proof:* Proof of the declarations of the defendant that he signed the note on which the action was brought, though he at the same time asserted that it had been altered, is sufficient to justify the reading of the note to the jury. The court in permitting this does not pass upon its genuineness; that is the province of the jury; and, if the whole question be fairly left to the jury, there will be no error in submitting the note to them.

In an action on a negotiable promissory note, evidence of what the person of whom the plaintiff bought the note paid for it, he being a *bona fide* holder before maturity, is inadmissible.

Where the defense to an action on a promissory note was that the note had been altered, some of the alleged alterations being printed words, as they appeared in the note when produced, the testimony of the printer, at whose office it was printed, is admissible to show that it was originally printed as it appeared when offered.

A charge that the law will sustain the claim of an innocent or *bona fide* holder of a negotiable promissory note, purchased before due, however viciously other parties may have acted, or whatever objections to the consideration may arise, when the question before the jury related solely to the genuineness of the note, and on that point they had been instructed that any material alteration would vitiate it,—is unobjectionable.

The denial by affidavit appended to the plea, of the execution of a promissory note, merely puts the plaintiff to the proof of it; and no presumption will be indulged against him because he does not produce a witness, alleged to have more certain knowledge than another, nor account for his absence.

*Charge of court:   Signature.* It is no objection to a charge to the jury that it was not signed. It can only be inquired into when it is embodied in a bill of exceptions, the signature to which sufficiently authenticates the charge.

*Heard October 25.   Decided October 27.*

Error to Livingston Circuit.

This was an action of *assumpsit* brought by Adelbert F. Parsons in the Circuit Court for the county of Livingston against Alexander L. Hunter, upon a promissory note for two hundred dollars, with interest at ten per cent., payable to J. C. Fitzgerald or bearer, on or before the first day of September, 1869, a copy of which was appended to the plaintiff's declaration. The defendant pleaded the general issue, and filed with his plea an affidavit denying " that he ever executed any such note or agreement as the one described and referred to in the notice annexed to and served with the copy of the declaration."

The bill of exceptions states that on the trial of the cause " a jury of twelve good and lawful men were called into the jurors' seats, and on application of S. F. Hubbell, attorney for plaintiff, each and every of said jurors was sworn to answer all such questions as should be put to them touching their qualifications to serve as jurors in said cause. That each and all said jurors were then questioned by the attorney for the plaintiff as to their qualifications, before any peremptory challenges were made by said plaintiff to any of said jurors so called and sworn to answer questions; that after the attorney for the plaintiff had so examined said jurors and passed them without making any peremptory challenge, he claimed the right to challenge peremptorily, and did challenge peremptorily one of the jurors first examined on his *voire dire*, as to his qualifications, and asked the court to set aside said juror without cause, to which the counsel for the defendant objected, for the reason that after the counsel for the plaintiff had examined a juror on his oath as to his qualifications to sit in the cause as a juror, and no objections being found to him, that the counsel for the plaintiff must determine before going through with the whole panel, for cause, whether he

22 MICH.—13.

will challenge the juror peremptorily or not; which objection of the defendant's counsel was overruled by the court, to which decision of the court the counsel for the defendant excepted."

The plaintiff was sworn in his own behalf, and testified substantially as follows: "I own the note in this suit; I know Hunter, the defendant; have had a conversation with him in regard to the note; he said it was his signature; I bought the note on the twenty-sixth day of June, eighteen hundred and sixty-nine, of Alexander McPherson, and paid him the sum of two hundred and five dollars for the same; I saw the defendant when it became due; I told him I had bought the note; he said I was a little foolish in buying *such* notes. I saw him again that night; the note was due; I told him the note was due, and I would like the money; he said the note had been altered; he said the words "*or bearer,*" had been put in after the A. D. Fitzgerald; I replied he had told McPherson it was all right. He afterwards came to the store and said it had been altered; when he gave the note it read, for value received with interest, and it now reads, for value received with interest at ten per cent. I had three conversations with defendant; he, defendant, said in McPherson's bank the morning I saw him, that he signed the note; he said so four or five times as he was leaving the bank; it was his signature or a close imitation; I bought the note for five dollars less than the face of it."

The note was offered in evidence and objected to on the ground that the proof of the signature was not sufficient. The objection was overruled by the court, and the note read in evidence, to which decision the defendant excepted.

Alexander McPherson, of whom the plaintiff bought the note, was called by the plaintiff, and testified as to the genuineness of the note and the defendant's declarations

concerning it. On his cross-examination he was asked: "What did you pay for the note?" Objected to as immaterial and incompetent. The objection was sustained by the court, to which the defendant excepted.

The defendant was sworn as a witness and testified that in the note he signed "there was no day in September stated for the payment; the words or bearer were not in it, and the place for the rate of interest which the instrument was to bear was blank.

The plaintiff further called as a witness James O'Donnell, who testified that he was a printer and resided in the city of Jackson, and was publisher of the Jackson *Citizen.* He was asked:—"Will you look at that note and say whether you printed it or not?" The question was objected to as irrelevant and immaterial. The court overruled the objection, and the defendant excepted. The witness answered: "It was printed at my office; I did not do it myself; it was done in 1868; the printed matter I do not think had anything added to it; it was printed at first as it is now, and I read the proof." He was further asked:—"How do you know it was so printed?" The question was objected to as irrelevant, immaterial, and not rebutting testimony. The objection was overruled and the testimony admitted, to which decision the defendant excepted. The witness answered: "I saw and read the proof-sheets; there is no alteration in it from what it was when first printed for Mr. Fitzgerald."

At the request of the plaintiff the court charged: 1. That this note is negotiable, and may become the property of the holder by mere delivery. 2. That the law will sustain the claim of an innocent or *bona fide* holder of a negotiable promissory note, purchased before due, however viciously other parties may have acted, or whatever objections to the consideration may arise. 3. If the jury finds

that the plaintiff purchased this note before it became due, innocently, and for a valuable consideration, by giving money, or money and goods, for it in the usual course of trade, he is entitled to recover on it, unless they find it is altered in a material part since its execution.

To each of which the defendant excepted.

The defendant requested the court to instruct the jury that "if the plaintiff has means of showing that the note was executed by defendant as now produced, by the person, to whom it was given, it is the plaintiff's duty to produce him, or account for his absence. When the execution is denied under oath, the presumption of law is, that the witness would not testify that the note was then executed, as it now is." The court refused, and the defendant excepted.

. The court further charged the jury: "Your first inquiry should be as to whether the note was signed by defendant. If you find he did not sign it, then of course the plaintiff cannot recover. On the other hand, if you are satisfied from the evidence that he did sign or execute the note, then your inquiry should be whether the note has been altered as claimed by defendant, since its execution. If you find it has been, then the plaintiff cannot recover."

The charge of the court not being signed by the judge, the defendant excepted to the charge of the court as given to the jury and filed in the cause at the time of the giving and filing of the same.

The jury found a verdict for the plaintiff for the sum of two hundred and twenty-one dollars and ten cents; and the judgment rendered therein is brought into this court by writ of error.

*O. Hawkins*, for plaintiff in error.

*S. F. Hubbell* and *G. V. N. Lothrop*, for defendant in error.

CAMPBELL, CH. J.

Parsons sued Hunter upon a promissory note, the genuineness of which was disputed, it being claimed either that an original and imperfect instrument had been altered, or that a false one entirely had been substituted.

Upon the opening of the trial, plaintiff below examined all the panel on their *voire dire,* and then for the first time challenged one of them peremptorily. It was claimed he should have challenged him after his preliminary examination and before he proceeded to question the rest. We see no error in this. There is no rule of practice forbidding the exercise of the right of peremptory challenge at any time before the jury is sworn. And unless a party has ascertained what jurors can be excluded for cause, and therefore need not be challenged peremptorily, he may lose the chief value of this privilege.—*4 Bl. Com., 353 ; People v. Bodine, 1 Denio, 281.*

Proof was given by plaintiff that after his purchase of the note and when it became due, defendant, on being requested to pay it, said it had been altered; that the words "or bearer" had been put in, and the rate of interest changed; that he said four or five times that he signed the note, and said it was his signature or a close imitation. Upon offering to read the note in evidence, it was objected that the proof of the signature was not sufficient; but the court admitted it, and the plaintiff followed up its admission by further proof of its genuineness, which was controverted by proof introduced by defendant.

There was no error in allowing the note to be introduced. The court, in receiving it, do not pass upon its genuineness, but merely allow it to be laid before the jury to enable them to apply the testimony of the witnesses to the instrument produced. The testimony cannot be under-

stood without having the paper produced, and as all the facts are for the jury, the order of proof is not material. The testimony of the plaintiff tended to prove the execution by the defendant's admissions, although it might not have been very safe to leave the case on that alone. But it was competent evidence, and the admission of the note did not in any way affect the weight of the evidence of genuineness or falsity given on the respective sides. The whole was fairly left to the jury.

There was no pertinency in the inquiry how much the party, of whom plaintiff bought it, paid for the note. If plaintiff himself was a *bona fide* purchaser before maturity, he cannot be affected by the acts or knowledge of his vendor.

The defendant had testified that he believed the note produced was signed by him, but that it was altered after he signed it. Some of the alterations he claimed to have been made were printed words standing in the note as produced. The printer, in whose office the blank was printed, proved by his testimony that it was originally printed as it then appeared. This testimony was objected to, but it was plainly admissible as tending to disprove any alteration after signature, by the introduction of printed words not in the original blank, and that was the only purpose of its admission.

Exception was taken to the charge that the law will sustain the claim of an innocent or *bona fide* holder of a negotiable promissory note, purchased before due, however viciously other parties may have acted, or whatever objections to the consideration may arise. The court instructed the jury that any material alterations would vitiate it, and that the alterations relied upon were material. The charge, therefore, related entirely to the question of original consideration and equities not affecting the execution or genuine-

ness of the paper. The charge was in accordance with the familiar and settled law.

Exception was also taken to the refusal of the court to give the following charge: "If the plaintiff has means of showing that the note was executed by defendant, as now produced, by the person to whom it was given, it is the plaintiff's duty to produce him, or account for his absence. When the execution is denied under oath, the presumption of law is that the witness would not testify that the note was when executed as it now is."

A denial under oath appended to the plea, merely puts the plaintiff on proof of the execution. But there is no rule of law which makes one witness admissible or necessary in preference to another, except where there are subscribing witnesses. In other cases an instrument may be proved by any competent testimony.

It is also objected that the charge of the court was not signed. But there is no law requiring it to be signed, and its genuineness will always be shown by the signature to the bill of exceptions. It can never be inquired into except when brought up on exception. The only object of the statute requiring it to be in writing was to secure means of knowing the precise terms in which the cause was submitted to the jury. It is no part of the record for any other purpose.

There is no error in the proceedings, and the judgment must be affirmed with costs.

GRAVES and COOLEY, JJ. concurred.

CHRISTIANCY, J. did not sit in this case.