72 N.J. Super. 582 (1962)
178 A.2d 636
ALTEX ALUMINUM SUPPLY CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALLACE J. ASAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1962.
Decided March 9, 1962.
*583 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Charles Blume argued the cause for appellant (Messrs. Blume and Blume, attorneys).
Mr. Louis Asarnow argued the cause for respondent (Mr. Barney Asarnow, on the brief).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiff, claiming to be a holder in due course, sued defendant on a promissory note dated July 8, 1959. The note was in the amount of $1,225, was payable 12 months after date, and was made by defendant to the order of Home Specialists, Inc. Plaintiff alleged that Home Specialists, Inc. had endorsed and delivered the note as part payment of a debt of $14,000 owed plaintiff by Home Specialists, Inc. The trial court determined that plaintiff was a holder in due course, but on the ground that it took the note as collateral security for the debt. Judgment was entered in favor of plaintiff and against defendant for the amount of the note and interest. Defendant appeals.
Joseph Farber, the secretary-treasurer of plaintiff corporation, testified that on October 26, 1959 the note in question *584 was delivered to him as partial payment of a book account debt owed plaintiff by Home Specialists, Inc. He said that he received the note at the office of Home Specialists, Inc., and that he saw Jack Ritchey execute the endorsement on the back of the note as president of Home Specialists, Inc. He did not see the secretary of the corporation attest the president's signature, although the endorsement includes such an attestation.
Farber also testified that on October 26, 1959, upon receiving the note, he personally entered it as a credit on the account of Home Specialists, Inc. Plaintiff's books and records were produced at trial to show the entry on the date indicated in Farber's handwriting.
Defendant, testifying in his own behalf, admitted signing the note and delivering it to Home Specialists, Inc., the payee. He said, however, that the payee was supposed to hold the note and "to do nothing with the note," and that defendant would give the payee additional business to pay off the note. He further testified that he did secure a siding job for Home Specialists, Inc., and that his share of the contract price was more than sufficient to pay the note. The payee, however, refused to return the note to him although he made repeated demands for it. Defendant did not claim that plaintiff had any knowledge of these arrangements. The foregoing, of course, would be no defense against a holder in due course.
Defendant also showed that in December 1959 plaintiff had sued Home Specialists, Inc. on the book account debt and in that suit the photostatic copy of the account attached to the complaint did not show the July 8, 1959 note as a credit on the account. On the contrary, in January 1960 plaintiff recovered judgment against Home Specialists, Inc. for the full amount of the book account and interest without giving any credit for defendant's note.
When plaintiff's witness Farber was questioned about this matter and shown the photostatic copy of the account attached to complaint in the previous suit, he admitted that the note *585 had not been entered as a credit on the book account on October 26, 1959, but at a later date. However, he insisted that the note was taken with the understanding that it would be credited on the account "at the time we took it" and not when the note was collected. He added that plaintiff has never been paid anything on account of its judgment against Home Specialists, Inc., although there is a suit pending against the principals of the corporate debtor on account of the judgment.
We find that the proofs support the judgment in favor of plaintiff. As to defendant's claim that plaintiff did not receive the note "for value," it is clear from the evidence that the note was received by plaintiff in connection with the account of Home Specialists, Inc. It is settled law that a party taking a negotiable note in payment of, or as security for, an antecedent debt, is a holder in due course. Citrin v. Tansey, 107 N.J.L. 368 (E. & A. 1931). Cf. Colozzi v. Bevko, Inc., 17 N.J. 194, 209 (1955). This is so even though satisfaction of the antecedent debt is conditioned on actual payment of the note. Citrin v. Tansey, supra; Ahern v. Towle, 310 Mass. 695, 39 N.E.2d 561 (Sup. Jud. Ct. 1942); Brannan, Negotiable Instruments Law (7th ed. 1948), § 25, pp. 515-516. Defendant argues that the plaintiff received the note only for the purpose of collection. However, the trial court found otherwise, and there is credible evidence to support such finding. This is so despite the clumsy "doctoring" of plaintiff's records to show that a credit had actually been entered on the books.
Defendant's other point is that plaintiff did not prove the genuineness of the signature of the payee nor was there any proof of the authority of the president of the corporate payee to endorse and deliver the note to plaintiff. For these reasons, argues defendant, the trial court erred in allowing the note to be marked in evidence. We do not agree. Plaintiff's witness testified that the note was delivered to him at the payee's office by the president and other officers of payee corporation and that the president signed the endorsement *586 on the back of the note in the presence of plaintiff's witness. We are in accord with the finding of the trial court that "the endorsement of the instrument was proved by direct testimony."
Defendant, however, claims that his mere denial of the corporate payee's endorsement puts plaintiff to its proof not only that the endorsing signature of the corporate officer is genuine but also that such officer was actually authorized to execute such endorsement. He cites VanSyckel v. Egg Harbor Coal and Lumber Co., 109 N.J.L. 604 (E. & A. 1932), in support of his argument. VanSyckel, though, dealt with a situation where the note was payable to the order of an individual payee and the endorsement of the note purported to be signed by a third person under a power of attorney. There the court set aside a judgment for the plaintiff because it found there was no evidence that the signature upon the back of the note was the payee's, or that the agent purporting to sign the same was authorized to do so.
The New Jersey cases dealing with the authority of corporate officers to endorse checks or notes emphasize that they must be read in the light of the facts of the particular case. See Economy Auto Supply Co. v. Fidelity Union Trust Co., 105 N.J.L. 206, 208 (E. & A. 1928); Hirsch v. Ollendorf, 117 N.J.L. 404 (E. & A. 1936); Dennis Metal Mfg. Co. v. Fidelity Union Trust Co., 99 N.J.L. 365 (Sup. Ct. 1924); cf. Asbury Park and Ocean Grove Bank v. Stoneham, 10 N.J. Misc. 78, 157 A. 650 (Sup. Ct. 1931).
A corporation has the general power to make and endorse negotiable paper. O'Connor v. First Bank & Trust Co., 12 N.J. Super. 281, 287 (App. Div. 1951). The authority of the president to execute an endorsement of a promissory note on behalf of the corporation in the normal course of business must be presumed; otherwise the negotiability of commercial paper would be seriously impaired. To become a holder in due course one is not required to satisfy himself of the actual authority of such officer. *587 10 C.J.S. Bills and Notes § 506(h); 19 C.J.S. Corporations § 1224(b). A corporate endorsement of a negotiable instrument will pass the property therein to the endorsee notwithstanding that from want of capacity the corporation may incur no liability thereon. R.S. 7:2-22.
It is to be noted that the Uniform Commercial Code, adopted in New Jersey (L. 1961, c. 120), effective January 1, 1963, in Article 3, revises and clarifies the Negotiable Instruments Law, R.S. 7:1 et seq. Section 3-307 thereof provides as follows:
"(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue
(a) the burden of establishing it is on the party claiming under the signature; but
(b) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required."
The comment on this section made in Uniform Laws Annotated, Uniform Commercial Code, 1958 official text, includes the following:
"The question of the burden of establishing the signature arises only when it has been put in issue by specific denial. `Burden of establishing' is defined in the definitions section of this Act (Section 1  201). The burden is on the party claiming under the signature, but he is aided by the presumption that it is genuine or authorized stated in paragraph (b). `Presumption' is also defined in this Act (Section 1  201). It means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized the plaintiff is not required to prove that it is authentic. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of the defendant or more accessible to him. He is therefore required to make some sufficient showing of the grounds for his denial before the plaintiff is put to his proof. His evidence need not be sufficient to require a directed verdict in his favor, but it must be enough to support his denial by permitting a finding in his favor. Until he introduces such evidence the presumption requires a finding for the plaintiff. Once such evidence is introduced the burden of establishing the signature by a preponderance of the total evidence is on the plaintiff."
*588 Here, plaintiff is the holder of the note and produced testimony that the note was delivered to plaintiff by the officers of the payee-corporation before it was overdue in partial payment of a debt owed by the payee to plaintiff, that the note was delivered at the corporate office and that the president of the payee-corporation executed the endorsement. It is undisputed that the note is regular on its face and that defendant is the maker thereof. Under these circumstances, plaintiff has established that it is a holder in due course and is entitled to judgment.
We are not unmindful that plaintiff's judgments overlap. Manifestly it cannot collect on both of them. The matter of a proper credit though is between plaintiff and Home Specialists, Inc., and defendant herein has no standing to be heard on such matter.
Affirmed.