## HALBERT v. HORTON

1. BILLS AND NOTES—HOLDER IN DUE COURSE—PARTIAL HOLDER—EXECUTORY PROMISE.

   A person may be a partial holder in due course of an instrument and the excess between the performèd consideration and the amount stated in the instrument constitutes an executory promise to give value (MCLA § 440.3303).

2. BILLS AND NOTES—HOLDER IN DUE COURSE—PARTIAL HOLDER—VALUE GIVEN.

   Instruction that the jury's verdict must be either $20,000 or no cause of action was error where the plaintiff had received a $20,000 check from the defendant which had not been honored after demand, the plaintiff had given the defendant two checks totaling $8,000, and had promised to cancel $12,000 of a debt then owned to him by the defendant, conditioned on the $20,000 check being honored, because a person may be a partial holder in due course and thus the plaintiff was entitled to $8,000 credit (MCLA § 440.3303).

3. EVIDENCE—BUSINESS RECORDS—NONOCCURRENCE.

   Business records may be admitted into evidence to show a nonoccurrence of an event (MCLA § 600.2146).

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 November 13, 1970, at Lansing. (Docket No. 8258.) Decided December 10, 1970.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 11 Am Jur 2d, Bills and Notes § 320.
[3] 30 Am Jur 2d, Evidence § 954 et seq.

Complaint by Ralph C. Halbert against Len Horton and Marguerite W. Hanners for payment of check. Verdict and judgment for plaintiff. Defendant Hanners appeals. Remanded for entry of judgment in reduced amount.

*Denfield, Timmer & Seelye,* for plaintiff.

*Dimmers, Dimmers & Loren,* for defendant Hanners.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

CARROLL, J. This is an action on a check. It was commenced on December 8, 1964, and was based upon a check given by defendant-appellant Marguerite W. Hanners to codefendant Len Horton on August 21, 1964, in the amount of $20,000. This check was payable to Len Horton who, on August 21, 1964, indorsed the check in blank and delivered it to plaintiff Halbert.

Upon presentation of the instrument, it was not paid because of insufficient funds and notice of protest was duly given. On September 1, 1964, plaintiff addressed a registered letter to Hanners making demand for payment. Trial before a jury was had on July 9, 10, 11, and 14, 1969, and the jury returned a verdict for the plaintiff in the amount of $20,000.

Appellant's first issue on appeal concerns the instructions the court gave in regard to fraud and can be disposed of summarily.

A careful reading of the transcript indicates the lower court did in fact instruct the jury as to fraud. Appellant does not maintain the instructions given

---

* Circuit judge, sitting on the Court of Appeals by assignment.

were erroneous. She merely contends that certain instructions, although not specifically requested by her, were not given. A review of the instructions on this issue does not warrant reversal.

Appellant's second issue is that the court did not properly instruct the jury in regard to damages.

The court instructed the jury as follows:

"Further, I have told you that the plaintiff, Ralph Halbert, in order to be a holder in due course, must have given some value or consideration. I instruct you that if you find from the testimony that the plaintiff, Ralph C. Halbert, accepted this indorsement in good faith, without knowledge of insufficient funds to pay, or that there was a failure of consideration, intending thereby to consider it as part payment for a debt which the endorser, Len Horton, owed to him, then this fact, if found by you to be true, does constitute consideration.

"You have only two verdicts to consider. You will either find for the plaintiff in the sum of $20,000; or you will find no cause of action. Those are the only two verdicts possible. You will either find for the plaintiff in the sum of $20,000 or you will find no cause of action."

The record reveals that plaintiff gave to defendant Horton two checks, one for $5,000 on August 22, 1964, and one for $3,000 on August 26, 1964. Plaintiff testified that he accepted the check for $20,000 and paid the $8,000 to defendant Horton together with a promise to cancel $12,000 of a debt then owed to him by defendant Horton. Plaintiff testified in part as follows:

"*Q.* But you advanced him $8,000?

"*A.* That's right.

"*Q.* In addition to cancelling out an indebtedness he owed you?

"*A.* I never cancelled it because I didn't receive the money.

"*Q.* Actually, what you've got in this thing is $8,000, isn't it?

"*A.* That's all I advanced."

This Court concludes from the testimony that the credit for $12,000 was not given and that the agreement to give such credit was subject to and contingent upon the $20,000 check being honored by the bank upon which it was drawn. Defendant-appellant in her brief acknowledges that "there was a possibility" that plaintiff was a purchaser for value to the extent of $8,000.

Michigan's adoption of the Uniform Commercial Code has eliminated the precedential value of *Hunter* v. *Parsons* (1870), 22 Mich 96. MCLA § 440.1101 *et seq.* (Stat Ann 1964 Rev § 19.1101 *et seq.*). Section 3303 thereof provides:

"A holder takes the instrument for value (a) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process."

The Comments of National Conference of Commissioners and American Law Institute state as follows:

"3. Paragraph (a) * * * [requires] that the agreed consideration shall actually have been given. An executory promise to give value is not itself value, except as provided in paragraph (c). The underlying reason of policy is that when the purchaser learns of a defense against the instrument or of a defect in the title he is not required to enforce the instrument, but is free to rescind the transaction for breach of the transferor's warranty."

In *Bowling Green, Inc.* v. *State Street Bank & Trust Co.* (D Mass, 1969) 307 F Supp 648, 6 UCC Rptr 1151, *aff'd* (CA 1, 1970) 425 F2d 81, both the Federal

district court and the First Circuit Court of Appeals recognized the principle of partial holder in due course status. Other cases holding to like effect are *Korzenik* v. *Supreme Radio, Inc.* (1964), 347 Mass 309, 197 NE2d 702, and *O. P. Ganjo, Inc.* v. *Tri-Urban Realty Co., Inc.* (1969), 108 NJ Super 517, 261 A2d 722, 7 UCC Rptr 302. It appears clear to this Court that under the Uniform Commercial Code, as cited above, there may be a partial holder in due course and that the excess between the performed consideration and the amount stated in the instrument constitutes an executory promise to give value. See *O. P. Ganjo, Inc.* v. *Tri-Urban Realty Co., Inc., supra.*

We conclude, therefore, that the trial court was in error in instructing the jury that its verdict must be for $20,000 or no cause of action.

Appellant's third issue is that it was error for the lower court to admit into evidence the "day book" of attorney Joe Vol Butt. Appellant contends this does not fall under the business records statute, MCLA § 600.2146 (Stat Ann 1962 Rev § 27A.2146) because it was used to prove a nonoccurrence.

The record does not indicate that appellant objected to the admission of the "day book". Such a failing to object should preclude appellant from raising it on appeal as this Court will not usually consider an issue that is raised for the first time on appeal. *Hileman* v. *Indreica* (1969), 15 Mich App 662; *Haggerty* v. *MacGregor* (1968), 9 Mich App 671. Notwithstanding the fact that this issue was not properly raised below, we hold that the lower court was correct in admitting it into evidence, MCLA § 600.2146 (Stat Ann 1962 Rev § 27A.2146) provides:

"[L]ack of an entry regarding any act, transaction, occurrence or event in any writing or record

so proved may be received as evidence that no such act, transaction, occurrence or event did, in fact, take place."

The statute, then, permits business records to be admitted to show a nonoccurrence.

Appellant's fourth and final issue is that the jury verdict was against the great weight of the evidence. A review of the record shows that there was contradictory testimony. It is very conceivable that the jury could have reached a verdict for either side. However, the verdict favorable to plaintiff is not against the great weight of the evidence.

Remanded for entry of judgment in favor of plaintiff in the sum of $8,000 with interest thereon to be computed. Neither party having prevailed on the entire record, no costs may be taxed.

All concurred.