WILSON SUPPLY COMPANY, Appellant,

v.

WEST ARTESIA TRANSMISSION
COMPANY, Appellee.

No. 15229.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Parker Ellzey, Alice, for appellant.

Fred Shannon, Martin & Shannon, San Antonio, for appellee.

BARROW, Chief Justice.

This suit was brought by appellant against Gernandt Drilling Company, Kalvin B. Gernandt and appellee, West Artesia Transmission Company. Judgment was entered after a nonjury trial, whereby appellant recovered a joint and several judgment in the amount of $10,193.80 against Gernandt Drilling Company and Kalvin B. Gernandt for materials and supplies furnished Gernandt Drilling Company. Appellant was denied any recovery on its claim against appellee on a check executed by appellee, which was made payable to Gernandt Drilling and endorsed by it over to Wilson Supply. Payment was stopped by appellee after the consideration for same failed. An appeal has been perfected only as to the denial of the claim against appellee.

Findings of fact and conclusions of law were filed by the trial court wherein it was found that Wilson Supply did not give anything of value under the Uniform Commercial Code, Section 3.303,[1] for said check; and, therefore, West Artesia's defense of failure of consideration is good as against Wilson Supply.

1. All references are to the Texas Uniform Commercial Code. Vernon's Tex.Rev.Civ.Stat.Ann.

Appellant complains by a single point on this appeal that the trial court erred in concluding that appellant was not a holder for value. It thereby urges that, as a matter of law, it is a holder for value.

Section 3.303 defines a holder for value as follows:

"A holder takes the instrument for value

(1) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or

(2) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; or

(3) when he gives a negotiable instrument for it or makes an irrevocable commitment to a third person."

The check in question was dated April 10, 1972, but was delivered to Gernandt Drilling sometime in March of 1972 as final payment on a drilling contract between Gernandt Drilling and West Artesia. When the contract was breached by reason of Gernandt Drilling's failure to commence drilling a proposed second well prior to April 1, West Artesia wrote Gernandt Drilling and the bank to stop payment on the check. Shortly thereafter, the check was endorsed over to Wilson Supply and presented by the latter to the bank for payment. At this time, Gernandt Drilling was indebted to Wilson Supply for a sum in excess of $6,000 for supplies and materials theretofore furnished Gernandt Drilling.

█ The narrow issue before us is whether there is evidence to support the trial court's implied finding that the check was not accepted by Wilson Supply *in payment* of said antecedent claim. Mr.

John R. Adams, credit manager of Wilson Supply, testified that the check was received with the understanding " . . . that they [2] would be collected and the proceeds applied to pay on this account." Appellant pleaded that the check was delivered to it for appellant " . . . to obtain the funds represented thereby, and apply the same toward payment of the indebtedness of Gernandt Drilling Company to the plaintiff." It is seen that this understanding and intent was actually carried out by appellant in that this suit was brought against Gernandt Drilling on the full account. Furthermore, a final judgment has now been entered against Gernandt Drilling and Mr. Gernandt individually on this account; therefore, a judgment against appellee would result in a double recovery to appellant for the amount of this check.

█ Such record supports the implied finding that at the time the check was received by appellant, it did not accept same with the intent to extinguish Gernandt Drilling's account, or a portion thereof, at such time. Cf. Bank of Services & Trust v. Whitnack, 468 S.W.2d 179, 181 (Tex. Civ.App.—Dallas 1971, writ ref'd n.r.e.). Rather, appellant merely agreed to attempt to collect such check and *to* apply the collected funds, if any, upon the account. Since none were paid, appellant sued Gernandt Drilling on the full amount owed on the account.

Appellant urges us to adopt the rule previously recognized by some authorities that an instrument is received "for value" when the instrument is taken only as conditional satisfaction of all or part of the debt. See Ahern v. Towle, 310 Mass. 695, 39 N.E.2d 561 (1942); Fair Loans, Inc. v. Wilkinson, 211 Md. 216, 126 A.2d 851 (Maryland Ct. of App. 1956); Farr-Barnes Lumber Co. v. Town of St. George, 128 S.C. 67, 122 S.E. 24 (1924); 11 Amer.Jur.2d, Bills and Notes, Section 336.[3]

---

2. Another check dated March 16, 1962, was paid and is not in controversy.

3. Section 337 applies the rule under the Uniform Commercial Code.

It is seen that the cases following such rule are based upon the Negotiable Instruments Law, and therefore, must be considered in the light of the statutory changes made by the Uniform Commercial Code. Section 3.303 combined and reworded Sections 25, 27 and 54, and completely omitted Section 26 of the Negotiable Instruments Law.[4] The comment under Section 3.303 [5] points out that Subdivision 1 resolves an apparent conflict between the original Section 54 and the first sentence of the original Section 25 by requiring that the agreed consideration shall actually have been given. Furthermore, it is seen that the original Section 25 has been reworded to require that the instrument must be accepted "in payment" of the antecedent claim or pre-existing debt. The obvious intent to limit the holder only to the extent that the agreed consideration is actually given would be substantially nulliifed if only conditional satisfaction of the antecedent debt is required to make one a holder for value. Actual payment was required in the only case we have found wherein the statutory change made by the Uniform Commercial Code was considered. See Halbert v. Horton, 29 Mich.App. 208, 185 N.W.2d 76 (1970).

Since appellant did not accept the check in payment of the antecedent debt, it was not a holder for value under Section 3.303.

Therefore, appellee's defense of failure of consideration is good against appellant.

The judgment of the trial court is affirmed.

KLINGEMAN, Justice (dissenting).

I respectfully dissent. I would reverse the judgment of the trial court that appellant, Wilson Supply Company, take nothing against appellee, West Artesia Transmission Company, and render judgment that appellant recover judgment in the amount of $6,000 against appellee, the amount of the check given by appellee to Gernandt Drilling Company, which check was endorsed by Gernandt Drilling Conpany and delivered to appellant to apply on payment of an indebtedness owed by Gernandt Drilling Company to appellant.

In my opinion, this case comes under and is controlled by the provisions of Subdivision 2, Section 3.303, Tex.Bus. & Com. Code (U.C.C.).[1] Appellee relies heavily on the provisions of Subdivision 1 of Section 3.303.[2] Our case is not a Subdivision 1 case. Appellant here did not fail to perform anything that it agreed to perform. The check was accepted conditionally, and the account was credited with the amount of the check; and after payment of the check was stopped, the account was then debited.[3]

---

4. "Sec. 25. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time."
"Sec. 26. Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."
"Sec. 27. Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."
"Sec. 54. Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he was paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him."

5. Vol. 2, Business and Commerce, Tex.Rev.Civ. Stat.Ann., pages 144–145.

1. A holder takes the instrument for value: (2) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due.

2. A holder takes the instrument for value: (1) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal proceedings.

3. The credit manager of Wilson Supply Company testified as follows:
"Q. All right. Now, I believe it's correct from what you have already testified that this check was returned unpaid by reason of stop payment.

I believe the better rule is set forth in 11 Amer.Jur.2d, Bills and Notes, Section 336, wherein it is stated:

"An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time. Accordingly, where paper is taken in payment of or for credit on, an antecedent indebtedness, or where an antecedent note or other security for a pre-existing debt is surrendered, or the time of payment is extended by the taking of such paper, the taker of such paper qualifies as a holder for value, and may be a holder in due course. *A pre-existing debt is sufficient consideration to constitute the holder one for value, even though the instrument is taken only as conditional satisfaction of all or part of a debt, that is, contingent upon the actual payment of the instrument, and the holder does not discharge the debt in whole or in part or extend the time for payment or otherwise forbear in regard to his claim. It is of no avail against the creditor's status as a holder for value that he parted with nothing in accepting the instrument and did not alter his position as to the debt or prejudice himself in any way."* (Emphasis supplied.)

In Citrin v. Tansey, 107 N.J.L. 368, 153 A. 523 (New Jersey Ct.App.1931), it was stated that it is settled law that a party taking a negotiable instrument in payment of, or as security for, an antecedent debt is a bona fide holder for valuable consideration. The provision that an antecedent debt constitutes value is not limited to cases where the instrument is received on terms of absolute satisfaction, but a transfer is also made for value where the instrument is received on the usual implied terms of a conditional satisfaction of an antecedent debt. See Ahern v. Towle, 310 Mass. 695, 39 N.E.2d 561 (1942); Altex Aluminum Supply Co. v. Asay, 72 N.J.Super. 582, 178 A.2d 636 (App.Div.1962); Fair Loans, Inc. v. Wilkinson, 211 Md. 216, 126 A.2d 851 (Maryland Ct.App.1956); Farr-Barnes Lumber Co. v. Town of St. George, 128 S.C. 67, 122 S.E. 24 (1924); Brodhead Motor Co. v. Mid-States Finance Co., 31 Ill.App.2d 274, 175 N.E.2d 801 (4th Dist. 1961); Citizens Bank of Booneville v. National Bank of Commerce, 334 F.2d 257 (10th Circuit 1964).

While it is my opinion that the check here involved was taken in payment (partial) of an antecedent claim, I also believe it was taken as security for such anteced-

"A. Yes, sir.

"Q. And Wilson Industries then debited the account of Gernandt Drilling Company for $6,000.

"A. Yes, sir.

"Q. What was the reason that Wilson Industries debited the account of Gernandt Drilling Company?

"A. Well, we actually did not receive the money on the check. Our records would not be correct if we had kept something on there until we were able to collect it.

"Q. Had Wilson Industries relinquished or rejected this check, or turned it back to Gernandt or anybody else?

"A. No.

"Q. Has Wilson Industries continued to rely on this check and to expect payment?

"A. Yes, sir.

"Q. And what did Wilson Industries do in pursuant to that?

"A. We turned it over to you.

"Q. With what instructions?

"A. To file suit or take whatever action necessary to collect our money.

"Q. As against who?

"A. Either West Artesia and/or Gernandt.

"Q. And West Artesia is the maker of the check?

"A. Yes, sir.

"Q. And Gernandt Drilling Company is the endorser of the check?

"A. Yes, sir.

"Q. And you instructed me as your attorney employed to collect from either one or both as maker or endorser.

"A. Yes, sir."

ent claim.[4] Appellant became the owner and holder by endorsement of a negotiable instrument given by appellee, and there is no contention by appellee that appellant had notice of any defenses of appellee or that appellant did not take the check in good faith or had any knowledge of any infirmity or defect. Appellant's credit manager testified that appellant had not relinquished or rejected the check; that they continued to rely on the check and expected payment for it; and that the check was turned over to appellant's attorney with instructions to file suit and take whatever action necessary to collect thereon against either West Artesia and/or Gernandt Drilling Company. In the suit here involved, Gernandt Drilling Company was not only sued on its account, but also as an endorser of the check. As hereinbefore indicated, appellant also credited Gernandt Drilling Company's account with the amount of the check, and only when the check was not paid, did appellant adjust its books to account for the nonpayment of the check.

The holding of the majority would in effect mean that a creditor who takes a negotiable paper to apply on a pre-existing debt when paid, must thereupon cease any effort to collect from his debtor or lose his rights against the maker. The right to collect from the maker of the instrument, free from latent equities, follows the Law Merchant, which placed a high value on negotiability. But an endorsee also has a right to proceed against the endorser, who is the real debtor, and the law should not discourage efforts to collect from the real debtor. I do not construe the provisions of Section 3.303 as having this effect.

I would hold that appellant is a holder in due course for value and is not subject to the defenses available to the maker against the transferor.

---

4. In Brodhead Motor Co. v. Mid-States Finance Co., supra, it was held that one who takes a negotiable instrument in due course without an express agreement that it satisfies a pre-existing debt, nevertheless takes it at least, as security, and may proceed first against the endorser without losing his status as holder in due course.