Appleton *v.* Kennon.

APPLETON *et al.*, Appellants, *vs.* KENNON, Respondent.

1. The acceptance by a creditor of the note of a third party for a debt is not *prima facie* an absolute payment. To have that effect, it must be agreed that it should be taken in satisfaction.

*Appeal from St. Louis Law Commissioner's Court.*

Action on a note commenced before a justice. The defence relied upon was, that the plaintiffs had accepted the notes of W. D. Skillman in payment of the note sued upon. The facts and the instructions are set out in the opinion of Judge Ryland. After a judgment for the defendant, the plaintiffs appealed.

*D. W. Hill,* for appellants. The instruction given by the court left out of view the real question in the case, which was, whether Skillman's note was accepted by the plaintiffs in full satisfaction and payment of the note sued upon.

*H. Hitchcock,* for respondent. The instructions, taken together, fairly present the issue to the jury. The second instruction given for the plaintiffs informed the jury that the plaintiffs could recover if they accepted the notes of Skillman merely as collateral security. They must have received the notes either as collateral security, or in payment. Where an error in an instruction is cured by another instruction given, this court will not reverse. 13 Mo. Rep. 286. Ib. 308. 15 Mo. Rep. 278. Ib. 315.

RYLAND, Judge, delivered the opinion of the court.

The main question in the case involves the propriety of the instructions given by the court to the jury.

There was no dispute about the note, nor the partnership of the plaintiffs. The defendant took upon himself to avoid the note by showing that it had been paid or settled. To do this, he introduced W. D. Skillman, who testified that, by an agreement with the defendant, of which the plaintiffs were informed, he

41—VOL. XIX.

assumed defendant's liabilities to plaintiffs and others, including the note sued on here.

Plaintiffs agreed to receive defendant's draft on Skillman, accepted by Skillman, for said liabilities ; but this arrangement was not carried out. Soon after this arrangement, Skillman saw plaintiffs in New York and made a settlement with them of his own liabilities to them. In this settlement were included the liabilities of the defendant, consisting of this note and an open account. Plaintiffs gave Skillman a " statement" in writing of the balance struck on settlement made between them ; among the items debited to Skillman, in said statement, are two notes of his own, then due and unpaid, and the note here sued on and the open account, amounting in all, with the other items, to the sum of $1400 11. Skillman is credited in this statement with his own three new notes, together with some articles of merchandise returned ; these new notes, payable at sixty and ninety days, and at four months, each for the sum of $444 58, making in all, with the returned articles, $1400 17. It was Skillman's own proposal to plaintiffs to renew his own unpaid notes, settle his own open account with them, settle defendant's note with them for $106 57, and also defendant's open account with them for $101 27, by giving plaintiffs his own three notes for $444 58 each, as above stated, which proposition plaintiffs accepted. This agreement was carried out, and the above statement was handed to Skillman by the plaintiffs. Skillman asked plaintiffs ( or one of the appellants ) for defendant, Kennon's note, but he declined to give it up, saying he did not know whether it was worth any thing or not, but he believed he would hold on to it. Nothing was said about the terms on which he would keep the note or any liability of Kennon's thereafter. Skillman afterwards paid two of these three notes ; the other is yet unpaid, he having failed in business. The plaintiffs introduced evidence tending to show that, at the time of the settlement mentioned by Skillman, plaintiffs refused to give up Kennon's note until Skillman's notes, then given, should be paid ; that plaintiffs then declared they should still hold Kennon

responsible, and they did not take Skillman's note except as collateral security for defendant's liability ; that defendant's note was given for books purchased by him of plaintiffs, and the same had never been paid by any one.   Skillman recalled, stated that the account given by plaintiff's witness, as above, was not the true one ; nor was the conversation mentioned between them correctly stated.

Upon this state of the evidence, the court instructed the jury as follows :

1. The jury are instructed that the note sued on is *prima facie* evidence itself of the demand.

2. If the jury find from the evidence, that the plaintiffs only received the notes of W. D. Skillman as collateral security for the notes of the defendant, they will find for the plaintiffs.

3. The jury are instructed that the plaintiffs' right to recover in this case cannot be impaired by any private arrangement or agreement between the defendant and Mr. W. D. Skillman, to which the plaintiffs were not parties.

The court gave the following of its own motion :

"If the jury shall believe from the evidence, that the witness, Skillman, assumed the payment of the amount of the defendants' indebtedness to the plaintiffs, with the consent of the plaintiffs, and in pursuance of such assumption, did execute and deliver to the plaintiffs his promissory notes, which notes included the amount of the note sued on in this case, they will find for the defendant."

1. The instructions given for the plaintiffs are proper enough, but we cannot say so of the one the court, of its own motion, gave for the defendant.   That instruction is improper, nor will the second instruction do away with the error ; it was calculated to mislead to jury, and it set forth a proposition not maintainable in law.

"Promissory notes, either of the maker himself or of a third person, are often received by the holder or the creditor, in payment of the original note or debt due by the maker, and the question often arises when and under what circumstances the

receipt of the substituted note will be deemed a due and absolute extinguishment or satisfaction of the original debt or note, or not. In general, by our law, the receipt of a promissory note of the maker, or of a third person, will be deemed a conditional satisfaction or extinguishment only of the original debt or note of the maker, (that is, if the substituted note, so received, is regularly paid,) unless otherwise agreed between the parties. It is at most, therefore, only *prima facie* evidence of satisfaction, rendering it necessary that the party receiving the substituted note, should account for it, before he will be entitled to recover upon the original debt or note. But if it is agreed between the parties, as it well may be, that the substituted note shall be an *absolute* payment of the original debt or note, then it will operate as an absolute satisfaction or extinguishment thereof." Story on Prom. Notes, §404. In general, the receipt of a promissory note of the debtor for a debt is, in the absence of all other proof, treated as a conditional payment only of the debt; that is to say, if, or when the note is paid. But if the note is intentionally received as an absolute payment, the original debt becomes thereby extinguished. The receipt of the promissory note of a third person, in payment of the debt, will amount to a positive extinguishment of the original debt, by way of novation, as well by our laws as the foreign law, if so intended by the parties. Story on Prom. Notes, §488. In general, by our law, unless otherwise especially agreed, the taking of a promissory note for a pre-existing debt, or a contemporaneous consideration, is treated *prima facie* as a conditional payment only, that is, as payment only if it is duly paid at maturity.

In *Johnson* v. *Weed et al.*, 9 Johns. Rep. 310, the court, in its opinion, said : " The books all agree that there must be a clear and special agreement that the vendor shall take the paper absolutely as payment, or it will be no payment, if it afterwards turns out to be of no value." In the case of *New York State Bank* v. *Fletcher*, 5 Wend. 87, the court, in giving its decision, mentioned the case of *Tobey* v. *Barber*, 5 Johns.

Appleton *v.* Kennon.

68, which was a case where a note was taken for rent due on a lease, and an absolute receipt of the payment of rent indorsed thereon. The plaintiff was permitted to recover on covenant for the rent, the note not being payment. The court, in the case of *Tobey* v. *Barber*, said : " That a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless the creditor expressly agree to take it as payment, and to run the risk of its being paid ; or, unless he parts with the note, or is guilty of *laches* in not presenting it for payment in due time." In the case of the *Bank* v. *Fletcher*, Marcy, J., said : " The rule quoted from *Tobey* v. *Barber*, is laid down with great caution. It is there stated that the note must be expressly agreed to be taken as payment, and that the creditor will run the risk of its being paid." The judge said, " he was not sure that this latter member of the sentence varies the rule ; if the paper is accepted in payment, by an express agreement, the risk of payment is, of course, on him who takes it."

In *Owenson* v. *Moore*, 7 T⸺ Rep. 64, it was held that, if the seller of goods takes notes or bills for them, without agreeing to run the risk of the notes being paid, and the notes turn out to be worth nothing, this will not be considered as payment.

Applying the well known rule of law upon this subject to the instruction which the court gave of its own motion, and it is manifest that the instruction is by far too broad. It states that if the witness, Skillman, assumed to pay the defendant's indebtedness to the plaintiffs, with the consent of the plaintiffs, and, in pursuance of that assumption, did execute and deliver to the plaintiffs his own promissory notes, which notes included the amount of the note of the defendant sued on in this case, they will find for the defendant. That is, that the bare receipt of the note of a third party will amount to payment of another's debt, whether the note thus received be paid or not. This is not the law ; something more must be done before this becomes a payment. The accepted note or bill must, by the agreement of the parties, be taken expressly as payment, other-

wise it is but payment *sub modo;* it is not an extinguishment or satisfaction of the debt until the note be paid; then it becomes a full payment and discharge. The parties must *intend* at the time, that the receipt of the note of such third person shall be a payment, shall extinguish the debt, or it will be a conditional payment; that is, a payment when the note is paid.

The court below erred, therefore, in giving the instruction complained of; its judgment must be reversed. We will not notice the matter about the opening or conclusion of the case before a jury. The other judges concurring, the judgment below is reversed, and the cause remanded.