LEABO v. GOODE *et al., Appellants.*

1. **Partnership**: RENEWAL NOTES: PAYMENT. The acceptance by a creditor of the note of an individual member of a firm after dissolution of the firm, in lieu of a matured note of the firm, is not an extinguishment of the firm debt, unless it is expressly agreed that it shall so operate.

2. ———: ———: PAYMENT BY SURETY. A surety on a note given after the dissolution of a firm, by one of the members of the firm in renewal of a note of the firm, on which also he was surety, may recover of the other member of the firm money which he has paid in discharge of the renewal note.

3. **The Granting of a continuance** rests largely in the discretion of the trial court, and every intendment is made in favor of its ruling. Its discretion must appear to have been unsoundly exercised before it will be interfered with by the Supreme Court.

    The affidavit filed in support of the application for continuance in this case examined and *held* insufficient.

4. **Instructions**: ESTOPPEL: PRACTICE. When a party asks instructions upon one theory of his case only, seemingly abandoning another which he has set up in his pleading, the Supreme Court will not grant him a reversal because the trial court failed to instruct the jury upon that theory.

*Appeal from Moniteau Court of Common Pleas.*—HON. GEO. W. MILLER, Judge.

*Owens & Wood for appellants.*

1. The affidavit for continuance showed sufficient cause. 2. The instruction given at the instance of respondent was clearly erroneous, because it was decisive of the case, and excluded entirely from the consideration of the jury the questions raised by the evidence of appellant. *Clark v. Hammerle,* 27 Mo. 55 ; *Sigerson v. Pomeroy,* 13 Mo. 620 ; *Mead v. Brotherton,* 30 Mo. 201; *Rapp v. Vogel,* 45 Mo. 524. 3. The instructions asked by appellants should have been given. *Moore v. Lackman,* 52 Mo. 323 ; *Powell v. Charless,* 34 Mo. 485. 4. The taking of the individual notes of partners or joint debtors, will discharge the others,

when so agreed.    *Maxwell v. Day*, 14 Am. Law Reg. 59; Ib., 45 Ind. 509.

*Draffen & Williams* and *Baird* for respondent.

1.   The application for a continuance was properly overruled.    *Frederick v. Rice*, 46 Mo. 24; *Farmers and Drovers Bank v. Williamson*, 61 Mo. 259.    2.   There was no evidence whatever that the different renewals of the note were intended as payment of the same and in satisfaction thereof.    *Appleton v. Kennon*, 19 Mo. 637; *Howard v. Jones*, 33 Mo. 583; *McMurray v. Taylor*, 30 Mo. 263; *Powell v. Charless*, 34 Mo. 485; *Yarnell v. Anderson*, 14 Mo. 619; *Boatmen's Saving Institution, v. Mead*, 52 Mo. 543; *Garner v. Hudgins*, 46 Mo. 399.    3.   It was not claimed that Cochell was liable upon the note executed after the dissolution of the partnership, but that he was still liable upon the old debt which was not satisfied and paid by the new note.

NORTON, J.—This is an action to recover money alleged to have been paid by plaintiff, as security for defendants. Judgment by default was had against Goode.    Cochell filed answer, and upon trial judgment was rendered against him, from which he has appealed to this court.    It appears to be admitted by the pleadings that, in the month of November, 1870, defendants were partners under the name of M. Goode & Co., and that the partnership continued till the 1st of February, 1872; that on the 29th of November, 1870, defendants, under the name of M. Goode & Co., executed their note for $600, in which they were both principals and payees, and that plaintiff and one Marles signed the note as their sureties, and that defendants, on the same day, indorsed and discounted the note at the bank of California, and received the money on the same; that said note was renewed by said defendants, with plaintiff as security, from time to time, till the 26th of November, 1871, at which time it was again renewed by defendants as princi-

pals, and Leabo as surety. The evidence tended to show that this note was again renewed in February, 1872, after the dissolution of the partnership between defendants, and that the renewal note was executed by defendant, Goode, and plaintiff as surety, and that it was renewed from time to time, till, in the year 1873, it was paid by plaintiff. The evidence also tended to show that when the note was renewed in February, 1872, plaintiff knew of the dissolution of the partnership., It is insisted that the judgment should be reversed because of the refusal of the court below to continue the cause on defendants' application, and because error committed in giving and refusing instructions. The court gave an instruction telling the jury that the facts above stated, as admitted, were confessed by the pleadings, and also the following on the part of the plaintiff; that if they further believe, from the evidence, and so find the facts to be, that the said note, so indorsed and discounted to the Bank of California by M. Goode & Co., as principal, and the said Leabo as security, was afterwards renewed on the 24th day of February, 1872, and that the same was renewed, from time to time, till and including a renewal on the 18th day of February, 1873, by the said M. Goode, as principal, and the said Leabo, as security, then the jury are instructed that if they believe, from the evidence, that the renewal by Goode, as principal, was for the same debt that was contracted by M. Goode & Co., it is wholly immaterial, so far as the rights of the plaintiff, Leabo, are concerned in this suit, whether the said renewals were made by M. Goode & Co., or by M. Goode. And should the jury further believe, from the evidence, that the money received by M. Goode & Co., from their discounting of the first note to the bank of California, was used by them in their co-partnership business, and that the said Leabo paid off and discharged the said debt so created, by paying off to the said bank the said last renewal note, then the jury should find for the plaintiff.

It is insisted by defendants that the renewal of the

note of M. Goode & Co., on which plaintiff was bound as **1. PARTNERSHIP: renewal notes: payment.** security, by M. Goode in February, 1872, was a payment of the debt of M. Goode & Co., and that by the execution of this note by plaintiff, he became the security of M. Goode alone, and the subsequent payment of the debt by plaintiff created no liability on the part of defendant Cochell. We do not think this proposition tenable. The proof shows that the debt when created, was a firm debt, that the money procured on the note was used by the firm in its business, and that plaintiff was a security for defendants as partners. The substitution of the note of M. Goode with plaintiff as security, in renewal of the note of M. Goode & Co., or by way of continuing the debt, did not, from the bare receipt of it by the creditor, become a payment of the firm debt. The acceptance of the note, to amount to payment, must be taken expressly as payment by the agreement of the parties. It is not an extinguishment of the debt until it is paid, and then it becomes full payment. This doctrine is fully recognized and plainly stated by this court in the case of *Appleton v. Kennon,* 19 Mo. 637, and cases there cited.

Applying the principle above stated to the case at bar, and a solution of the question presented is attainable. The debt created in 1870, for the payment of which plaintiff was bound as security, was the debt of M. Goode & Co., and remained their debt till it was paid. If the note given in 1872 to the bank and signed by Goode alone and plaintiff as security is to be considered as a payment and extinguishment of the debt evidenced by the note of M. Goode & Co., from the bare fact of its reception, then Cochell is discharged from all liability to plaintiff. But, in the absence of evidence showing that by agreement of the bank and Goode it was accepted in payment of the original debt, and was so intended at the time, in the language of Judge Ryland in the case *supra,* it is but payment *sub*

9

*modo*; it is not an extinguishment or satisfaction of the debt until the note be paid.

It follows then necessarily, in this case, that if·the debt of Goode & Co. was neither extinguished nor satisfied

2. ——: ——: till the actual payment of the note signed by payment by sure-ty. Goode alone and plaintiff as security, the defendant is liable to plaintiff in this action. The debt of Goode & Co., on which plaintiff was bound as surety, continued to exist as their debt, and it only became satisfied by the payment made by plaintiff, and, if so paid by him, we cannot see on what principle his right to recover of defendant, Cochell, can be denied. It will not be pretended that, if·plaintiff had paid the note of Goode & Co. at the time it matured in 1872, on the last renewal of M. Goode & Co., he could not have maintained his action and recovered from Cochell the amount so paid, notwithstanding the dissolution of the partnership of Goode & Co. Nor do we see how the substitution of the note of Goode and plaintiff, by way of renewal or continuation of the debt, could change his rights, if the debt of Goode & Co. was only satisfied by the payment of the substituted note. This payment if made by plaintiff was made to satisfy, and did satisfy a debt for which defendant, Cochell, was at the time liable, and for the payment of which plaintiff was his security.

In the case of *Powell v. Charless' Admr's.* 34 Mo. 485, it was held that after the dissolution of a partnership the execution by one partner of a new note, even though the old note be surrendered at the time, does not raise a legal presumption of an agreement to extinguish it, and discharge the legal liability of the other partner. "Nor in the absence of an express agreement is it competent for the court to instruct the jury that any fact or facts, alone, unconnected with a consideration of the intention or animus of the parties will constitute an agreement. The burden of establishing an agreement for the extinguishment of the old note devolves on the party who sets it up."

The instructions complained of presented the case in accordance with the above views, and no error was committed in giving them.

On the part of defendant, the court instructed the jury that it devolved on the plaintiff to show by a preponderance of evidence, that he has been compelled to pay, and has paid money as security for the firm of M. Goode &. Co., of which defendant was a member, and in the absence of such proof, they will find for defendant as to first count. The court refused nine other instructions asked by the defendant, which is assigned for error. The same proposition embodied in the instruction above quoted, was contained in the third, fifth, sixth and ninth instructions, and they were for that reason properly refused.

The fourth instruction asked the court to declare, " that defendant Goode, after the dissolution of the partnership, could not bind his former co-partner by the execution of a note in renewal of a note signed by the firm, while the co-partnership existed." This instruction asserted a correct principle of law, and if the action of plaintiff had been founded on such a note, the defendant, Cochell, could not have been made liable, and the instruction would have been applicable. It is sought in this suit to make defendant, Cochell, liable on the original debt, which it was alleged still existed, notwithstanding the execution of the note of Goode. The second, seventh, eighth and tenth instructions, which substantially asked the court to declare, that if defendant Goode paid off the note of M. Goode & Co., they would find for defendant, were properly refused. There was no evidence that Goode paid off the original debt evidenced by the note of M. Goode & Co., further than the execution of the note of Goode and the surrender of the note of Goode & Co., and this, as we have seen by the cases referred to, does not amount to payment so as to discharge or satisfy the original debt, in the absence of any agreement to accept it as a payment or discharge of the debt. If the instructions had been framed

so as to have required the jury to find for defendant, if they believed from the evidence that the note made by Goode and plaintiff was accepted by the creditor in payment and discharge of the original debt, and that it was so agreed at the time, they should have been given. This question was ignored in the instructions and, framed as they were, they were calculated to mislead, and were rightly refused.

It is further insisted that the court improperly overruled defendants' application for continuance. The granting of continuances rests largely in the discretion of the court before which it is made, and every intendment is made in favor of the ruling of the court below. Before this discretion will be interfered with, it must appear to have been unsoundly exercised. The affidavit for continuance is based upon failure to procure the evidence of a witness who resided in Mexico, Audrain county. It alleges that notice was given to take his deposition in sufficient time to be used on the trial, and that his deposition was not taken because he did not appear on the day fixed in the notice. The affidavit does not state the date of the notice, nor the day on which it was to be taken, nor that a subpœna had been issued by the notary to procure the attendance of the witness, nor does it state that after failure to take the deposition on first notice, there was not sufficient time to give another notice and take it. It is also stated as another ground for continuance, that it was agreed between plaintiff's attorney and defendants' attorney that the written statement of a witness, without regard to form, should be taken and used on the trial, that the statement was taken and given to plaintiff's attorney to file, and that defendant supposed it had been filed, and was with the papers in the cause till it was called for trial, when he found it was lost. The affidavit as to second cause assigned for continuance is insufficient in not stating that defendant knew of no other witness whose attendance he could procure by whom he could

*8. THE GRANTING OF A CONTINUANCE.*

prove the same he expected to prove by the lost statement. We therefore conclude that the discretion of the court was not unsoundly exercised in refusing the continuance. Judgment affirmed, in which the other judges concur.

AFFIRMED.

### On Motion for Re-hearing.

We are asked to grant a re-hearing in this case on the alleged ground that the affidavit for continuance was not duly considered, and because the point relied upon by. defendant that the instructions given for plaintiff did not cover the whole case, was overlooked. As to the first ground, we have nothing more to say than is said in the opinion delivered, and repeat that that affidavit fails to disclose such diligence as would justify an interference with the discretion of the court in overruling the application.

As to the other ground, the record before us shows that in the court below the case was tried on the theory 4. INSTRUCTIONS: that defendant was not liable on the demand estoppel: practice sued upon, because the money paid by plaintiff was paid on the individual debt of Goode, and not on the partnership debt of Goode & Cochell. The thirteen instructions asked by defendant show this and amounted to an abandonment of what he now claims was set up in his answer, as off-set or counter-claim. While, as decided in 27 Mo. 55, it is the duty of the court in giving instructions to embrace the whole case, and a defendant is not bound to ask instructions, it does not follow that, where he does ask instructions and leads the court to believe that he has abandoned a defense set up, it would be reversible error in the court if it did not instruct in regard to such defense. Besides this, there was no evidence in regard to the counter-claim of $10, nor was there any tending to establish that the $40, which it was alleged plaintiff owed Goode, was by agreement to be credited on the note. The alleged payment made by Winger, the assignee of

Goode, to plaintiff, was set up by defendant in his answer in connection with the fact that the plaintiff had proved his claim before the assignee, by way of estoppel. This defense was also ignored by defendant in the instructions asked, as it might well have been under the evidence. The practice is to be condemned of a party standing by and asking instructions upon a theory on which he relies, and seemingly abandoning another which he has set up in his answer, and, when beaten, bringing his case here and asking a reversal, because the court did not, of its own motion, or at the request of the opposing party, instruct on such abandoned theory. Such practice is justly condemned in *Henslee v. Cannefax*, 49 Mo. 296, and *Harris v. Hays*, 53 Mo. 90.

MOTION OVERRULED.