**SECURITY TRUST COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**SHERWOOD HOMES, INC., Defendant-Respondent.**

No. 32940.

St. Louis Court of Appeals.

Missouri.

Dec. 17, 1968.

Motion for Rehearing or to Modify Denied Jan. 23, 1969.

Coburn, Croft, Kohn & Herzog, John R. McFarland, St. Louis, for plaintiff-appellant.

Norman Begeman, St. Louis, for defendant-respondent.

WILLIAM H. BILLINGS, Special Judge.

Replevin action with a counterclaim for conversion. The case was submitted to the court upon a stipulation of facts and various documents as exhibits, a jury having been waived. Judgment was entered for defendant on plaintiff's petition for replevin and in favor of defendant and against plaintiff on the counterclaim with defendant's damages being assessed at $4,500.00. Plaintiff has appealed and the parties will be referred to herein as plaintiff and defendant.

On March 7, 1963, defendant executed and delivered its promissory note to plaintiff in the sum of $4,982.00. The note was payable in twelve monthly installments with the first installment of $406.00 due April 15, 1963, and the remaining installments of $416.00 due each month thereafter. Securing this note was defendant's chattel mortgage on a fork-lift truck. The mortgage was duly filed. The consideration for the note, $4,700.00, was by plaintiff credited to defendant's checking account and defendant authorized plaintiff to charge this account for the monthly payments. Defendant also maintained a payroll account with plaintiff.

Defendant's checking account was debited by plaintiff for the April, May, June and July installments. On August 14 plaintiff charged the account for the August installment and this resulted in an overdraft of the account. Deposits by defendant extinguished the overdraft and left a credit balance. On September 16 and October 15, respectively, plaintiff debited the account. The November charge by plaintiff resulted in the account again being overdrawn but a subsequent deposit by defendant left the account with a credit balance. The December debit by plaintiff caused the account to be overdrawn but defendant's later deposits extinguished the overdraft. On January 14, 1964, when plaintiff debited the account for the January installment, the account was already overdrawn $5,498.18 and this entry increased the amount of the overdraft. On February 16 the debit entry increased the overdraft to a total of $12,949.03. As in the past, debit slips for the January and February installments marked "paid" were forwarded by plaintiff to defendant. From January 6 to February 19 the account was overdrawn and never had a credit balance.

In addition to the overdraft of the checking account defendant's payroll account was also overdrawn $2,233.16 on

February 19, 1964. On this date the defendant executed and delivered to plaintiff its thirty-day note in the sum of $15,182.00. This note was individually endorsed by officers of defendant who also guaranteed payment. Thereupon, plaintiff credited defendant's overdrawn checking account in the sum of $12,949.03 and defendant's payroll account in the sum of $2,233.16, leaving the accounts with zero balances. On March 16, 1964, plaintiff again debited the checking account, leaving the account with a credit balance of $772.23 which was reduced to $274.70 two days later. On the due date of the thirty-day note, March 19, this latter note was not paid and no payment was made by defendant until April 3 when a partial payment of $2,067.23 was made on this note. No further payments were made by defendant on this note and it is the subject of other litigation between the parties.

Plaintiff instituted the replevin suit in January of 1965 and filed its bond in the sum of $4,160.00. Possession of the fork-lift truck was obtained by plaintiff and this chattel was sold at private sale for the sum of $4,200.00. Defendant alleged payment of the original note in its answer to the replevin petition and sought damages by way of counterclaim for plaintiff's wrongful conversion of the fork-lift truck.

On this appeal it is the defendant's contention that the debit charges by plaintiff against the checking account and issuance of "paid" debit memos, the acceptance by plaintiff of the thirty-day note in February, 1964, and crediting of defendant's checking account "along with other attending circumstances", evidence a recognition and agreement of the parties that the note secured by the chattel mortgage was paid prior to the institution of the instant proceedings.

■ As previously stated, the issues herein were submitted to the trial court upon a stipulation of facts and documentary evidence and our review of the facts and law is not limited. The trial court made no findings and gave no reasons for its action and there is no question of credibility of witnesses. Civil Rule 73.01(d), V.A.M.R.; Mueller v. Larison, Mo., 355 S.W.2d 5; Hanover Ins. Co. v. Abchal, Mo.App., 375 S.W.2d 605; Sadlon v. Richardson, Mo.App., 382 S.W.2d 9.

■ We rule that the debit entries to defendant's checking account and credits to defendant's chattel note account for the January and February, 1964, installments did not constitute payment because the checking account was overdrawn and had a debit balance at the time these entries were made. The applicable rule is stated in 70 C.J.S. Payment § 32, p. 243, as follows: "* * * a mere paper or bookkeeping entry of debits or credits is not payment or cancellation of a debt *unless payment or cancellation is actually made thereby.*" (Our emphasis.)

In G.F.C. Corp. v. Nesser, Mo., 273 S.W.2d 264, the debtor had given a lender personal checks in payment of amounts due on several notes and credits had been given the debtor on lender's ledger sheets. The checks were returned unpaid and in holding the notes had not been paid the Supreme Court said (l.c. 268): "The fact that the ledger accounts were first credited with the amount of the checks received, then debited when the checks were returned unpaid, is not indicative of an intention to accept the checks as absolute payment." The court further ruled that clear and convincing evidence of an express agreement that the checks were accepted by plaintiff as absolute payment was required.

This court held in Gill v. Mercantile Trust Co., Mo.App., 347 S.W.2d 420, that a check did not constitute payment even though the lender had made an entry on its books that the installment had been paid at the time when it received the check. In Gill the debtor-mortgagor sought damages from the lender-mortgagee for wrongful conversion of an automobile. In affirming the action of the trial court in setting aside a jury verdict for the plain-

tiff, we said (1.c 424): "For a check to be payment the debtor must have funds to his credit in the bank upon which the check is drawn and the bank must be in a position to pay it on demand. * * * His payment due under the mortgage was clearly in default, and the defendant acted within its rights under the mortgage." And in disposing of plaintiff's assertion that the entry on the bank's books showed the final installment had been paid, we held that this entry by the bank was *conditional* upon the check being paid.

It is true that each time plaintiff debited defendant's checking account for a monthly installment a debit memo stamped "paid" was delivered to defendant. However, as stated by the foregoing authorities, these entries and written indicia thereof are not conclusive and were *conditional* upon the note installments being in fact paid from monies in defendant's account. To hold otherwise would be to say that the August, November, December, January and February debits by plaintiff all constituted payments of these installments at the time the entries were made even though there were insufficient funds on deposit in defendant's account to pay them. The three earlier installments were in fact paid when defendant made deposits sufficient to cover the overdrafts and give the account a credit balance. The debit entries and "paid" debit memos did not constitute payment of the January and February installments at the time they were made because the defendant's checking account was overdrawn and had a debit balance.

In its brief defendant cites no authority contrary to the foregoing decisions but seeks affirmance of the judgment below by entwining the matter of plaintiff's debit entries and "paid" memos with the issuance of its thirty-day note on February 19, 1964, to plaintiff and the latter's crediting the two overdrawn accounts with the principal amount of the note. In its brief defendant's position is thusly stated: "* * that all the attending circumstances were an express manifestation of the intent and

understanding of the parties that the chattel mortgage note was paid prior to the institution of the replevin suit, and that the note was paid in actuality". To reach this conclusion the defendant is forced to the position that the thirty-day note constituted "payment of any obligations under the chattel mortgage." If we had accepted defendant's theory that the debit entries and "paid" memos constituted payment of the January and February installments, then the question of whether or not the thirty-day note constituted payment of these installments would be moot. Having ruled otherwise, we turn now to the argument that the second note constituted payment of the indebtedness remaining under the chattel note.

Since early days the Supreme Court of Missouri has cast the burden of proving that a second note was payment of an earlier note on the one who asserts this proposition. Powell v. Blow, 34 Mo. 485. The general principles of law governing the question are found in decision of this court in Connersville Casket Co. v. Gist, Mo.App., 355 S.W.2d 374, and Griffin v. Priest, Mo. App., 137 S.W.2d 685. See 10 C.J.S. Bills and Notes § 444, p. 975; Lynes v. Holt-Taylor Mercantile Co., Mo.App., 268 S.W. 702.

In Connersville we ruled that the acceptance of a note does not constitute payment of a contemporaneous or pre-existing debt unless there is an express agreement to that effect between the parties to the transaction. This decision recognizes the law of Missouri since 1854 when the Supreme Court in Appleton v. Kennon, 19 Mo. 637, ruled: "The accepted note or bill must, by the agreement of the parties, be taken expressly as payment, otherwise it is but payment sub modo; it is not an extinguishment or satisfaction of the debt until the note be paid; then it becomes a full payment and discharge."

In Griffin we recognized that the agreement of the parties need not be

express, or in writing, but that the circumstances and conduct of the parties might show acceptance of a note, bill or check as payment of a debt. And G.F.C. Corp. v. Nesser, supra, states that an express agreement to receive a check as payment need not necessarily be a written agreement but may be proved by facts and circumstances in evidence *which clearly show that it was the intention of the parties* that a check was to constitute absolute payment of a debt.

∎ It is our view that the foregoing facts and circumstances advanced by the defendant fall short of "clear and convincing evidence" that the parties *intended* the thirty-day note to be in payment of the chattel note. The record is wholly silent as to any express agreement of the parties on this issue and we think we can safely assume that there was no such agreement in fact. Although not necessarily conclusive, the record does show that the original note was never marked paid or cancelled and was not returned to the defendant. And the chattel mortgage was never released of record. The charging of the checking account for the March installment of the chattel note negates the contention that the thirty-day note was intended as payment of the former note. At the time of the execution of the thirty-day note both the January and February installment payments on the chattel note were overdue and delinquent. Defendant's checking account was overdrawn $12,-117.03 on February 19 *excluding* the January and February debits against the account. Additionally, defendant's payroll account was in arrears in the sum of $2,233.16. The acceptance by plaintiff of the thirty-day note resulted in bookkeeping entries which credited the two overdrawn accounts so as to leave each with zero balances. The chattel note was then in default and under the authorities cited herein the thirty-day note could have constituted collateral security for the payment of the chattel note or conditional payment thereof.

It is our judgment that the acceptance by plaintiff of the thirty-day note and crediting the overdrawn checking account did not constitute *payment* of the delinquent January and February installments of the chattel note. Defendant's default on the thirty-day note resulted in this latter note, at most, merely "payment sub modo" and was "not an extinguishment or satisfaction of the debt until the note be paid". Appleton v. Kennon, supra.

Defendant's mortgage was in usual form and provided that if default was made in the payment of the note *or any installment,* at plaintiff's option, the entire unpaid principal balance became due and payable and authorized plaintiff to take possession of the fork-lift truck. Plaintiff exercised this option and sold the chattel.

In view of the foregoing we hold that plaintiff was entitled to the possession of the fork-lift truck and that the trial court should have entered judgment for plaintiff on its replevin petition and in favor of plaintiff and against defendant on the latter's counterclaim. The judgment of the trial court is reversed with directions to enter judgment in accordance with this opinion.

ANDERSON, P. J., and SAMUEL E. SEMPLE, Special Judge, concur.