Robert J. SMITH, Administrator of the Estate of Deanie C. Kracke, Deceased, Appellant,

v.

Dana THOMAS, Respondent.

No. 9678.

Missouri Court of Appeals, Springfield District.

Feb. 25, 1975.

Motion for Rehearing or Transfer to Supreme Court Denied March 10, 1975.

Application to Transfer Denied April 14, 1975.

---

A. Ronald Stewart, Springfield, for appellant.

Kerry L. Montgomery, Springfield, for respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Appellant-administrator has appealed from the judgment of the Circuit Court of Greene County that the Estate of Deanie C. Kracke was not entitled to the proceeds of a certificate of deposit, a savings account, and a checking account, and that respondent Thomas was the owner thereof as a surviving joint tenant. We conclude otherwise and reverse.

Following Mrs. Kracke's death on January 26, 1969, her will was admitted to probate and letters testamentary issued to the respondent. Some time prior to June 21, 1971, the circuit court adjudged the will to be invalid for lack of proper attestation and revoked respondent's appointment as executor. Appellant was appointed administrator of the estate and initiated proceedings to discover assets under § 473.340, RSMo 1969, V.A.M.S., alleging respondent "wrongfully withheld and has in his possession or under his control or has converted to his own use" bank deposits "totalling $15,121.06." In answers to interrogatories the respondent claimed the bank deposits had been "given to Dana Thomas in exchange for care by Dana Thomas and Ottobelle Thomas [his wife] for the remainder of the life of Deanie C. Kracke after 1967 and for services rendered to her and her late husband for five years prior to the death of Frank Kracke."

The probate court found the issues in favor of the administrator and entered judgment against the respondent for the total sum of the three deposits. The court ruled the deposits were the sole property of the decedent at the time of her death and that the evidence failed to establish gifts of the deposits to the respondent or that he was a surviving joint tenant.

On appeal to the circuit court the cause was submitted on a stipulation of facts. This included the administrator's interrogatories and respondent's answers thereto, the detailed findings and judgment of the probate court, and the documentary exhibits pertaining to the three bank deposits. It was also stipulated that respondent was claiming ownership of the proceeds from the three bank deposits by way of a gift or as a surviving joint tenant. There was no dispute between the parties that the proceeds from the three bank deposits came into the hands of the respondent during the period he was serving as executor of the decedent's estate and that the deposits or proceeds were never at any time inventoried by him as assets of the estate.

The circuit court's judgment determined that the respondent was the owner of the proceeds of the three deposits as the survivor of statutory joint tenancies created pursuant to § 362.470, RSMo 1969, V.A.M.S. In this appeal the respondent has abandoned his theory of gift and seeks affirmation of the lower court's judgment on the basis of his being a surviving joint tenant of the deposits. Appellant-administrator contends the deposits are not within the purview of § 362.470.

 In this court-tried case we review the judgment of the circuit court upon the law and the evidence as in suits of an equitable nature. Rule 73.01(3a), V.A.M.R. Nevertheless, our review being de novo, we reach our own conclusions upon the law and the evidence and give such judgment as should have been given if we decide the judgment is clearly erroneous. Kearney Commercial Bank v. Dei-

ter, 407 S.W.2d 575 (Mo.App.1966). Since the issues herein were submitted to the trial court upon a stipulation of facts and documentary evidence the credibility of witnesses is not here involved and our review of the facts and law is not limited. Rule 73.01(d); Security Trust Company v. Sherwood Homes, Inc., 436 S.W.2d 776 (Mo.App.1968).

*The certificate of deposit.* On May 17, 1967, the Farmers & Merchants Bank of Springfield, Missouri, issued a $10,000.00 certificate of deposit to Deanie C. Kracke, made payable to "Herself or Dana Thomas, Executor." On May 16, 1969, the respondent presented this certificate for redemption and received $10,253.13—principal plus unpaid accrued interest. The certificate was endorsed "Dana Thomas."

*The savings account.* This account was opened May 17, 1967, at the Farmers and Merchants Bank with a $5,000.00 deposit by Mrs. Kracke. The front of the signature card for this account listed the account in the name of "Kracke, Deanie C. (ONLY)" and was signed only by her in the space for authorized signature. Subsequently, "ONLY" was struck through and the words "& Dana Thomas, Exc" added to the front side of the card. At that later time the signature of "Dana Thomas, Exuctor [Sic]" was appended to the reverse side of the card underneath the following printed agreement:

### "JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR

We agree and declare that all funds now or hereafter, deposited in this account are, and shall be our joint property and owned by us as tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part hereof may be withdrawn by, or upon the order of either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives."

Two printed lines for signatures followed the foregoing agreement with "Dana Thomas" written on the top line and "Exuctor" [Sic] on the second line. Mrs. Kracke never signed this agreement.

The bank's ledger sheet for the savings account was originally in the name of "Deanie C. Kracke (ONLY),". Sometime later it was changed by striking four dollar signs over the word, "ONLY" and adding "or Dana Thomas, Exc." A label affixed to the sheet bears the signatures of Deanie C. Kracke and Dana Thomas, Exc. Interest on this account was withdrawn periodically so that on January 2, 1969, the balance was $5,101.69. On that date $1,101.69 was withdrawn and deposited in the checking account, infra, to provide ready funds for Mrs. Kracke's maintenance or, as respondent stated in his answers to interrogatories, "for convenience of paying bills prior to the death of Deanie C. Kracke." On April 28, 1969, the respondent withdrew the balance of the savings account, $4,050.40.

*The checking account.* On April 4, 1946, a checking account was opened at Farmers & Merchants in the names of "Kracke Frank or Deanie." Both Frank and Deanie signed in the spaces for authorized signatures on the front of the card but neither signed the reverse side which had a provision for ownership of the account as joint tenants with right of survivorship. The printed agreement was identical to the one set forth above with certain additions not here pertinent. On April 13, 1959, Frank and Deanie gave effect to this provision by affixing their signatures to this clause as it appeared on a second signature card. Frank Kracke died sometime before May 17, 1967, and thereafter an undated signature card, identical to the other two for the account, was signed *only* on the

front side by Mrs. Kracke and the respondent in the spaces for authorized signatures. This card listed the account "Kracke Deanie or Dana Thomas."

The bank's ledger sheets for this account show that sometime after December 27, 1967, the respondent's name was added thereto so that it read "Frank Kracke or Deanie or Dana Thomas." Between May, 1967, and the death of Mrs. Kracke, respondent wrote a few checks on this account to pay for groceries and care and maintenance for her. On the date of Mrs. Kracke's death there was $817.53 in the account. Thereafter, the respondent drew three checks on the account. The first check was written on February 21, 1969, to Mercy Villa for $56.35 and signed "Deanie C. Kracke by Dana Thomas, Executor." The second, dated April 27, 1969, was to Ayre Goodwin Funeral Home in the sum of $228.10, and signed the same way.[1] The third check, payable to respondent in the sum of $533.08 (the balance of the account), was dated June 12, 1970, and signed in a like fashion.

■■ Not all deposits in the names of two or more persons are "joint deposits" within the meaning of § 362.470 although they may be so referred to in common parlance. Melton v. Ensley, 421 S.W.2d 44, 52 (Mo.App.1967). A *statutory* joint tenancy, such as the lower court found in the bank deposits involved in the present case, is created only "When a deposit is made by any person in the name of the depositor and any one or more other persons . . . and *in form to be paid to any one or more of them, or the survivor or survivors of them* . . . ." § 362.470 RSMo 1969, V.A.M.S. Since each of the deposits in controversy is in the names of the depositor and another person, we must look to "the form, manner and circumstances under which [each] joint bank account was established and maintained" to determine the applicability of § 362.470. Leuzinger v. Merrill Lynch, Pierce, Fenner & Smith, 396 S.W.2d 570, 579 (Mo. banc 1965). Expressed in the language of the statute, the issue as to each deposit or account is whether the same is "in form to be paid to any one or more of them, or the survivor or survivors of them."

■ The certificate of deposit issued to Mrs. Kracke and made payable to "Herself or Dana Thomas, Executor" is not within the purview of § 362.470. As was said in Murphy v. Wolfe, 329 Mo. 545, 45 S.W.2d 1079, 1081 (banc 1932): "It may very well be that the depositor by the use of the words, 'payable to herself or G. N. Wolfe,' intended the deposits to be paid to either or the survivor of them, but they are not 'in form to be paid to either, or the survivor of them.'" See also Ison v. Ison, 410 S.W.2d 65, 70 (Mo.1967); Melton v. Ensley, 421 S.W.2d 44 (Mo.App.1967) (holding that a deposit in the names of "A or B" is not within the statute because not in form to be paid to either or the survivors).

■ As earlier noted, the signature card for the savings account listed the account initially in the name of "Kracke, Deanie C. (ONLY)" and her signature was the only one placed on the front side of the card in the space for authorized signature. The subsequent modification of this card by striking through the word "ONLY" and the addition of the words "& Dana Thomas, Exc" does not alter the fact that the savings account likewise is not in statutory form because it is not payable to either, or the survivor. We also observe that although the reverse side of this card contained a specific agreement for a joint tenancy with right of survivorship, Mrs. Kracke never signed the same.[2]

---

1. Although the checking account was not inventoried by the respondent as an estate asset his settlements as executor show that he credited himself as having paid Mercy Villa and the funeral home out of the estate assets.

2. As Carroll v. Hahn, 498 S.W.2d 602, 607 n. 1 (Mo.App.1973) notes: "If the joint account is accompanied and commemorated by an integrated unambiguous agreement, such an agreement constitutes the intention of parties which may not be varied by parol evidence. Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S.W.2d 817 (1950)."

Likewise, the last signature card for the checking account lists the account in the names of "Kracke Deanie or Dana Thomas" (the ledger sheet describes the account as that of "Frank Kracke or Deanie or Dana Thomas") and we deem this insufficient to fall within the purview of § 362.470. The survivorship provision on the reverse side of the card was not signed by anyone, even though Mrs. Kracke had signed such a provision when she held the account jointly with her husband. See Newcombe v. Farmer, 360 S. W.2d 272, 276 (Mo.App.1962) ("Respondent's mother knew how to establish a joint account with right of survivorship if she wanted to do so.").

The respondent seeks to uphold the judgment of the circuit court by relying on the case of In re Estate of LaGarce, 487 S. W.2d 493 (Mo. banc 1972). However, we do not read *LaGarce* in the broad light suggested by the respondent, namely, that a deposit in the names of "A or B", standing alone and with no provision for survivorship, constitutes compliance with § 362.470 and thereby entitles "B" to the deposit upon the death of "A".

Prior to our Supreme Court's decision in *LaGarce*, the appellate courts of this state, in construing the joint account statutes (§ 362.470 and § 369.150), treated the transfer of assets by joint account as a gift requiring all of the common law elements necessary to constitute a valid gift inter vivos. Thus, where the depositor furnished the money for the account and retained control during his lifetime, but desired the deposit to pass to the other, the survivor, at the depositor's death, it was held that the requirements for a valid gift were not present and the attempted transfer was testamentary in nature. *LaGarce* concluded such a construction was erroneous and held

that the joint account statutes created a statutory joint tenancy which should be given effect without the common law requirements necessary for a valid gift *provided*, and only *"if the certificate is issued [or the deposit made] in the statutory form."* 487 S.W.2d at 500. The court went on to say that *"if the statute is complied with"* and "in the absence of fraud, undue influence, mental incapacity, or mistake, the survivor will become the owner of the account." 487 S.W.2d at 501 (emphasis added). As we construe *LaGarce*, only those portions of prior opinions that had held that transfer of assets by joint account required all the common law elements of a gift inter vivos and that the joint account statutes created a *presumption* of joint tenancy which could be rebutted by evidence showing a different intent were overruled. Such decisions were overruled only "to the extent that they conflict with the views heretofore set out." 487 S.W.2d at 501.

*LaGarce*, as we view it, reemphasizes the necessity of creating deposits and accounts in the form required by the applicable statute before the irrebuttable statutory joint tenancy is born. Thus, if the deposit or account is in form to be paid to either or survivor, no rebuttable presumption is available to hasten the demise of the ostensible joint tenancy—the statute is conclusive and the survivor is the owner of the account. But for *LaGarce* to apply, there must first be a compliance with the statute. We find no such compliance in the deposits and accounts herein.[3]

We hold that "Herself or Dana Thomas, Executor" on the certificate of deposit; "Kracke, Deanie C. (~~ONLY~~) & Dana Thomas, Exc." on the savings account signature card and "Deanie C. Kracke ($$$$) or Dana Thomas, Exc." on the

---

3. In *LaGarce* the certificate was made payable to the depositor and two others "as joint tenants with right of survivorship and not as tenants in common." All three persons signed an agreement as "joint tenants with the right of survivorship." And, the de-

positor, following an explanation of the consequences of the type of deposit, stated that was his intent. The four cases from other jurisdictions cited by the court at 501 of the opinion are interesting.

savings ledger sheet; and "Kracke Deanie or Dana Thomas" on the checking account signature card and "Frank Kracke or Deanie or Dana Thomas" on the checking account ledger sheet, are not in the form and manner required by § 362.470 and did not create statutory joint tenancies with the attendant right of survivorship in the respondent.[4]

■ "Absent obedience to the requirements of [§ 362.470] . . . the survivor has the burden of proving the joint tenancy." Newcombe v. Farmer, 360 S. W.2d 272, 276 (Mo.App.1962); see also Longacre v. Knowles, 333 S.W.2d 67, 70 (Mo.1960). Respondent's proof is wholly lacking in this respect. Conversely, there was some evidence that the placement of the respondent's name on the deposits was for the convenience of Mrs. Kracke. During her lifetime she retained the possession and control over the checking account although the respondent wrote some checks on the account to pay some of her living expenses. Respondent acknowledged that he withdrew $1,101.69 from the savings account and placed this sum in the checking account "for *convenience* of paying bills prior to the death of Deanie C. Kracke" (emphasis added). The certificate of deposit and the savings account contained the terms "Executor" and "Exc", respectively, after the respondent's name. These terms seem to indicate that respondent's name was added to the certificate of deposit and the savings account to make it convenient for respondent to assist Mrs. Kracke in her financial affairs during her lifetime and to handle her estate. We also note that re-

spondent signed each of the three checks drawn on the checking account after Mrs. Kracke's death in her name, by "Dana Thomas, Executor."

Since none of the deposits involve joint tenancies, with the attendant right of survivorship, the question of whether or not the respondent took the certificate of deposit or savings account in a representative capacity (as executor of the estate) need not be decided.

Concluding, as we do, that the judgment is clearly erroneous it is reversed and the cause remanded for entry of judgment in accordance with the views expressed herein. Appellant-administrator is entitled to recover from the respondent the following amounts:

(a) $10,253.13 with 6% interest from May 16, 1969, the date the certificate of deposit was redeemed;

(b) $4,050.40 with 6% interest from April 28, 1969, the date the savings account was closed out;

(c) $533.08 with 6% interest from June 12, 1970, the date respondent drew a check on the decedent's checking account made payable to himself; and

(d) $284.45 with 6% interest from June 21, 1971, the date the respondent refused to turn that amount, representing debts of the estate paid out of the uninventoried checking account and credited as having been paid of estate assets, over to the administrator.

All concur.

---

4. In an article in 29 Missouri Bar Journal 109, 111 (1973), written after *LaGarce* the authors state: "These statutes [§ 362.470 and § 369.150] provide no presumption of survivorship unless the contract or card controlling the account *contains words of survivorship*." (emphasis added).