**SVERDRUP CORPORATION,**
**Plaintiff/Appellant,**

v.

**Louis T. POLITIS, et al.,**
**Defendants/Respondents.**

**No. 64992.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 13, 1994.

754

Pamela S. Wright, St. Louis, for appellant.

V. Gina Tocco, Chesterfield, for respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a jury verdict and judgment in favor of defendants on a suit based on a note executed by defendants.

Plaintiff challenges only the trial court's failure to direct a verdict at the close of all evidence and failure to grant its motion for judgment notwithstanding the verdict. We reverse.

Louis Politis contracted with plaintiff, Sverdrup Corporation, for plaintiff to construct for Politis three restaurants. Plaintiff did so and completed construction in February 1987. In August 1987, after payment in full had not been made, the project manager at Sverdrup presented invoices for the unpaid amount to Politis. He also delivered to Politis a promissory note for Politis to sign in the amount of $244,013.94 which represented the amount still owing plus interest from date of completion of the projects. The note called for interest at 9% plus attorney's fees in the event of default. The note was a demand note. Several days after the note was presented to him Politis signed it individually and as president of each of the three restaurant corporations.

Upon the defendants' failure to pay the note, plaintiff filed suit. Defendants in their answer raised lack of consideration as an affirmative defense and that defense alone was submitted to the jury. The jury returned a verdict in favor of defendants and this appeal followed.

 In a suit on a note the holder makes a *prima facie* case by producing the note admittedly signed by the maker and showing the balance due. § 400.3–308(b) RSMo Supp.1992; *Commerce Bank of Joplin v. Shallenburger*, 766 S.W.2d 764 (Mo.App. 1989) [4]. A promissory note imports consideration. § 431.020 RSMo 1986. Plaintiff established, and defendants admit, that the note was executed by Politis individually and as president of the restaurant corporations. It was clearly a promissory note. The burden was then upon defendants to establish a lack of consideration, an affirmative defense. *Commerce Bank of Joplin v. Shallenburger, supra* at [2, 3]. That burden must be carried by clear, cogent, and convincing evidence, by evidence clearly preponderating in maker's favor, by substantial evidence, or by a clear preponderance of credible evidence cogent and convincing. *Lillo v. Thee*, 676 S.W.2d 77 (Mo.App.1984) [1, 2]; *Munday v. Austin*, 358

Mo. 959, 218 S.W.2d 624 (Mo. banc 1949) [3, 4]; *Simmon v. Marion*, 227 S.W.2d 127 (Mo. App.1950) [12, 13]; *Gershon v. Ashkanazie*, 239 Mo.App. 1012, 199 S.W.2d 38 (1947) [5–7].

Sec. 400.3–303 RSMo Supp.1992 provides in pertinent part:

"(a) An instrument is issued or transferred for value if: ...

(3) the instrument is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due; ...

(b) **"Consideration"** means any consideration sufficient to support a simple contract. The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed. If an instrument is issued for value as stated in subsection (a), the instrument is also issued for consideration."

Sec. 400.3–310 RSMo Supp.1992 provides in pertinent part:

... "(b) Unless otherwise agreed and except as provided in subsection (a) [nothing therein applicable], if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken, and the following rules apply: ...

(2) In the case of a note, suspension of the obligation continues until dishonor of the note or until it is paid. Payment of the note results in discharge of the obligation to the extent of the payment.

(3) Except as provided in paragraph (4) [not applicable], if the check or note is dishonored and the obligee of the obligation for which the instrument was taken is the person entitled to enforce the instrument, the obligee may enforce either the instrument or the obligation ..."

 In Missouri, prior to the enactment of the Uniform Commercial Code, the courts

did not view a note to be given in "payment" of an obligation unless it extinguished the debt. *Security Trust Company v. Sherwood Homes, Inc.,* 436 S.W.2d 776 (Mo.App.1968) [6].[1] The courts further cast the burden of proving a note was given as payment of an antecedent debt upon the party asserting that proposition. *Id.* at [4, 5]. Secs. 400.3-303, 3-308, 3-310 combined with § 431.020 require a different scenario in addressing the issue of consideration. The maker of the note must overcome the presumption of consideration. A note given as "payment" of an antecedent debt need not, under the statutes, extinguish or discharge that debt at the time of issuance, and is still treated as having been given for consideration.

▮▮▮ There was here an underlying debt. There was also an unpaid note carrying a presumption of consideration. It was defendants' burden to establish that in fact consideration was lacking. The mere existence of an antecedent debt does not conclusively establish that the parties intended the execution of the note as payment or security therefore. *Graves v. Porterfield,* 555 So.2d 595 (La.App.1989) [8]. Intent is the key in deciding if a note is given in payment of an antecedent debt. *Id.; Arnold v. Krewson,* 834 S.W.2d 229 (Mo.App.1992) [4, 5]. Because the note carried a presumption of consideration it was defendants' burden to establish that it was the intention of the parties that the note not serve as payment of the underlying obligation. The testimony at trial did not address that issue, was ambiguous as to the reason the note was executed, and no inference can be drawn from the testimony that the note was not given as payment or security for the antecedent debt.

▮▮▮ The evidence did establish that plaintiff did not consider the note as a discharge of the underlying contractual liability. We conclude that does not establish that the note was not given as "payment" of the underlying debt within the meaning of the statutes. Sec. 400.3-310 specifically provides that a note given in payment of an antecedent debt suspends the obligation until payment of the note or dishonor of the note. Payment of the note discharges the debt. Sec. 400.3-310(b)(2). Dishonor of the note allows suit to recover on either the underlying debt or the note. Sec. 400.3-310(b)(3). "Payment" has been defined in Missouri law as the delivery of money or *other valuable thing* in the discharge of an obligation or *for the purpose of extinguishing a debt. Waidmann v. Mercantile Trust Company National Association,* 711 S.W.2d 907 (Mo.App. 1986) [5]. Until the note is paid it constitutes a payment of the antecedent debt subject to a condition or qualification, i.e., the payment of the note. *Security Trust Company, supra* at [6]. That extinguishment or discharge of the underlying debt is not a prerequisite to an instrument serving as payment of the antecedent debt was held in *General Electric Company v. Construction Associates, Inc.,* 426 F.Supp. 986 (E.D.Mo. 1977) [2], *Salemy v. Diab,* 246 N.J.Super.Ct. 274, 587 A.2d 305 (N.J.Super.A.D.1991); *Eldred v. Wicker,* 273 So.2d 902 (La.App.1973) and *Biggs v. World Air Conditioning, Inc.,* 722 S.W.2d 27 (Tex.App.1986) [2]. We find those cases persuasive. No inference, legal or factual, can be drawn that because plaintiff did not consider the note to discharge the antecedent debt at the time of its execution that the note was not given in payment of the antecedent debt. Defendants have failed to provide any evidence, much less cogent, clear, substantial evidence, that any agreement existed that the note was not given in payment of the antecedent debt and have therefore failed to meet their burden of proof on the affirmative defense of lack of consideration. The trial court erred in denying plaintiff's motions for directed verdict and judgment notwithstanding the verdict.

---

1. Some cases dealt solely with whether the original obligation had been satisfied, i.e., a novation had occurred, rather than the issue before us of whether the antecedent debt furnished consideration for the note whether discharged or not. *Appleton v. Kennon,* 19 Mo. 637 (1854); *Powell v. Blow,* 34 Mo. 485 (1864); *Griffin v. Priest,* 137 S.W.2d 685 (Mo.App.1940); *Lynes v. Holt-Taylor Mercantile Co.,* 268 S.W. 702 (Mo.App.1925); *Security Trust Company v. Sherwood Homes, Inc., supra.* But there are cases holding the same when the issue addressed was consideration. *Glassbrenner v. Morgan,* 296 S.W. 201 (Mo.App. 1927); *Connersville Casket Company, Inc. v. Gist,* 355 S.W.2d 374 (Mo.App.1962).

Defendants further contend they are entitled to a new trial because they disputed the amount of the underlying debt covered by the note. In the absence of fraud, accident or mistake a party cannot challenge a note which he has signed after having an opportunity to read it. *Mercantile Trust Company v. Carp,* 648 S.W.2d 920 (Mo.App.1983) [10–12]; *Bussen Quarries, Inc. v. Thomas,* 938 F.2d 831 (8th Cir.1991) [1–4]. There is no contention or evidence of fraud, accident or mistake present here. Defendant Politis had the note in his possession for several days before he signed it. He is bound by the note he signed.

Judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff and against defendants for the face amount of the note plus interest as provided in the note and attorney's fees to be determined by the court.

PUDLOWSKI and WHITE, JJ., concur.